IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| CHRISTAL GREEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 5:11-cv-00208-SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| ARKANSAS DEPARTMENT OF | * | |
| COMMUNITY CORRECTION, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Christal Green brings this action against defendant Arkansas Department of Community Correction alleging employment discrimination. Defendant has filed a motion [doc.#14] for a protective order stating that plaintiff has requested personnel material for third parties employed by defendant and that while defendant will make the information available to plaintiff, it should be subject to a protective order. Plaintiff does not object to a protective order *per se* but states that defendant made no attempt to resolve the matter without court intervention.

Having considered the matter, the Court grant's defendant's motion for a protective order. As there is not a proposed protective order for the Court's consideration, the Court directs that within twenty (20) days of the date of entry of this Order, the parties submit for the Court's consideration an agreed protective order. If the parties are unable to agree on a protective order, they may each submit, again within twenty (20) days of the date of entry of this Order, their own proposed protective order after which the Court will make a determination of the wording of the

protective order to be entered.[1]

                    IT IS SO ORDERED this 7th day of February 2012.

                                    /s/Susan Webber Wright
                                    UNITED STATES DISTRICT JUDGE

---

[1] Protective orders of the type appropriate to this situation are routine and the Court does not expect any difficulties of the parties in agreeing to a protective order, especially as plaintiff indicates the parties will be able to work out the matter between themselves.